DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal, included in its Answer filed January 19, 2010. Defendant asserts that Plaintiff failed to appeal within 90 days of the date of its Notice of Deficiency Assessment, as required by ORS 305.280. (Def's Answer at 1.)
The parties agree Defendant issued a Notice of Deficiency (deficiency) April 23, 2009, and that Defendant subsequently issued a Notice of Deficiency Assessment (assessment) June 23, 2009. Plaintiff acknowledges receiving both of those notices. The assessment notice includes a statement of appeal rights advising Plaintiff that any objection she had to the assessment must be made by appeal to the Magistrate Division of the Oregon Tax Court within 90 days of the date of the notice. There was correspondence between Plaintiff and Defendant after the assessment was issued, including a telephone call made by Plaintiff to Defendant on June 24, 2009, the day after the assessment was mailed. According to Defendant's records, Plaintiff was inquiring about the written objections she allegedly sent Defendant on May 22, 2009.
Plaintiff filed her appeal of the assessment with the Tax Court December 21, 2009, which is approximately six months after the date of the assessment notice. *Page 2 
ORS 305.280(2)[1] provides in relevant part:
 "An appeal * * * from any notice of assessment * * * issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter [305] * * * shall be filed within 90 days after the date of the notice." (Emphasis added.)
Personal income taxes and assessments are governed by chapters 305, 314, and 316 of the Oregon Revised Statutes. Thus, the 90-day appeal period set forth in ORS 305.280(2) applies.
Plaintiff clearly missed the 90-day appeal period. However, Plaintiff insists that she sent Defendant written objections to the deficiency on May 22, 2009, which would have been within the 30-day period provided in ORS 305.265(5)(b). Plaintiff submitted a document she contends is proof of a facsimile transmittal of her written objection to a Department of Revenue telephone number on May 22, 2009, at 1:52 p.m. (Ptf's Compl at 5.) Defendant has no record of receiving Plaintiff's 30-page objection. Assuming, arguendo, that Plaintiff did in fact submit written objections to Defendant's deficiency, Plaintiff's subsequent receipt of Defendant's assessment advising her that the deficiency had been assessed and that her only recourse was to file an appeal with the Tax Court should have alerted Plaintiff to the fact that there was a problem. It is difficult to understand why Plaintiff chose to continue corresponding with Defendant.
Moreover, Plaintiff at one point "resubmitted" her written objections to Defendant, which Defendant received September 4, 2009. (Def's Answer at 1.) In response, Defendant sent Plaintiff a notice dated September 21, 2009, advising her that it received her response to the June 23, 2009, assessment on the September 4, 2009, and that "[a]ny disagreement with the Notice of Assessment must be appealed to the Magistrate Division of the Oregon Tax Court, not the Oregon Department of Revenue." (Ptf's Compl at 2.) Plaintiff's 90-day deadline for appealing *Page 3 
to the Tax Court was September 21, 2009. Plaintiff, however, did not file her Tax Court appeal until December 21, 2009, three months after the deadline.
Under those circumstances, the court is not aware of any legal authority to allow it to extend or otherwise overlook the applicable 90 day appeal period. Accordingly, Defendant's request for dismissal is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is allowed.
The Complaint is dismissed.
Dated this ____ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This Decision was signed by Magistrate Dan Robinson on March 23, 2010.The court filed and entered this Decision on March 23, 2010.
[1] The court's references to the Oregon Revised Statutes (ORS) are to 2007.